UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSHUA FEBRES | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:19-cv-01195-KAD |
| vs. | : | |
| | : | |
| YALE NEW HAVEN HOSPITAL, ET AL | : | |
| | : | |
| Defendants. | : | OCTOBER 7, 2019 |

## REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| Date Complaint Filed: | In State Court, July 16, 2019 |
| | Removed to Federal Court, August 2, 2019 |
| Date Complaint Served: | July 10, 2019, Yale New Haven Hospital, Leila Haghighat, MD and Raquel Ferrer Harrison, MD |
| | July 11, 2019, Correctional Officer Ware |
| Date of Defendants' Appearance: | In State Court, July 31, 2019, Yale New Haven Hospital, Leila Haghighat, MD and Raquel Ferrer Harrison, MD |
| | In Federal Court, August 2, 2019, Yale New Haven Hospital, Leila Haghighat, MD and Raquel Ferrer Harrison, MD |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 16, defense counsel submits this Rule 26(f) Report. Defense counsel attempted to confer with the plaintiff by mailing a copy of this report to the plaintiff on September 10, 2019. Defense counsel never received a response from the plaintiff. Therefore, the defendants are unaware if the plaintiff consents to the Rule 26(f) Report. Defendant Correctional Officer Ware has not appeared in this action.

**I. CERTIFICATION.**

Undersigned counsel for the defendants certifies that, after consultation with his clients, he has discussed with the *pro se* plaintiff, via this Rule 26(f) Report, the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with his clients, defense counsel and the *pro se* plaintiff have developed the following proposed case management plan. Defense counsel further certifies that he has forwarded a copy of this report to his clients.

**II. JURISDICTION.**

    A. SUBJECT MATTER JURISDICTION:

The basis for the court's subject matter jurisdiction is 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

    B. PERSONAL JURISDICTION:

Personal jurisdiction is contested by defendants Yale New Haven Hospital, Leila Haghighat, MD and Raquel Ferrer Harrison, MD due to insufficient process. These defendants have filed a motion to dismiss.

**III. BRIEF DESCRIPTION OF CASE.**

    A. CLAIMS OF PLAINTIFFS:

The plaintiff asserts a claim under 42 U.S.C. § 1983, seeking monetary damages, declaratory, and injunctive relief to redress the deprivation of his rights secured to him by the state and federal constitutions and the laws of the United States and the State of Connecticut.

The plaintiff alleges that, while he was waiting for treatment in the emergency department on October 1, 2018, a female patient entered his room and began asking questions about him.

When the plaintiff stated that his name was Fat Joe, the female patient allegedly began rubbing on the plaintiff's body. The plaintiff claims that the female patient was escorted out of his room, but returned and began rubbing on his penis and enlarged testicles. The plaintiff alleges that the staff of Yale New Haven Hospital stated that that was the kind of girl the plaintiff liked because he was a prisoner. He claims that the defendants acted under the color of law and deprived him of the rights, privileges, and immunities secured to him by the state and federal constitutions and the laws of the United States and the State of Connecticut.

### B. DEFENSES AND CLAIMS:

Defendants Yale New Haven Hospital, Leila Haghighat, MD, and Raquel Ferrer Harrison, MD deny all of the allegations and claims made against them.

### IV. STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

Mr. Febres was a patient at Yale New Haven Hospital on October 1, 2018. During that admission, he was seen by Leila Haghighat, MD and Raquel Ferrer Harrison, MD.

### V. CASE MANAGEMENT PLAN.

#### A. STANDING ORDER ON SCHEDULING IN CIVIL CASES:

The parties do not request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

#### B. SCHEDULING CONFERENCE WITH THE COURT:

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.  EARLY SETTLEMENT CONFERENCE:

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference with a United States Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.  JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS:

1.  Plaintiff should be allowed until **October 15, 2019**, to amend his Complaint and defendants should be allowed until **November 15, 2019**, to file their responses to the Complaint.

E.  DISCOVERY:

1. The parties anticipate that discovery will be needed on the following subjects:  all of the plaintiff's claims, any affirmative allegations of the defendants, prior history of the parties, damages.

2.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately, and completed by **September 1, 2020**.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the plaintiff will require a total of ____ depositions of fact witnesses and the defendants will require a total of two depositions of fact witnesses.  The depositions will commence immediately and be completed by **September 1, 2020**.

5. The parties may request permission to serve more than twenty-five interrogatories.

6. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **January 31, 2020**, a date not later than seven months before the deadline for completing all discovery. Depositions of any such experts will be completed by **April 15, 2020**, a date not later than four and one-half months before the deadline for completing all discovery.

7. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **June 15, 2020**, a date not later than two and one-half months before the deadline for completing all discovery. Depositions of such experts will be completed by **August 14, 2020**, a date not later than one-half month before the discovery cutoff date.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **December 16, 2019**.

9. The undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information. Following is the position of each party:

The parties agree to preserve electronically stored records (as they may exist) retroactive to the date of the first event alleged in the Complaint. The parties will reach further agreement on exactly the form the disclosure of the electronic information will take. Both sides agree to instruct

the parties to preserve these records. As more information becomes available, the parties will reach an agreement on costs of the electronic discovery.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privileged or work-product protection, including procedures for asserting privilege claims after production. Pursuant to Federal Rule of Evidence 502(e), the parties expressly agree that the inadvertent production of privileged information will not constitute a waiver of the privilege. The parties agree to the following procedures for asserting claims of privilege after production: if any information that is privileged or subject to work-product protection is disclosed, the party to whom it is disclosed will notify opposing counsel immediately, and the disclosing party will have 30 days to assert the privilege and seek the return of the information. The party to whom the information is disclosed agrees not to review the information after recognizing that a privilege or work-production protection applies and further not to duplicate that information or further disclose it. The parties further agree to utilize Local Rule 26(e)'s privilege log under that rule's terms and conditions, with exceptions noted therein, and further agree to work with each other in good faith to avoid any discovery dispute. If any information that is privileged or subject to work-product protection is disclosed, Federal Rule 26(b)(5)(B) shall control.

G. DISPOSITIVE MOTIONS:

Dispositive motions will be filed on or before **October 2, 2020**.

H. JOINT TRIAL MEMORANDUM:

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **November 16, 2020**, or thirty days after this court rules on any summary judgment motion filed by the defendants, whichever is later.

**VI. TRIAL READINESS.**

The case will be ready for trial by **December 16, 2020**, or thirty days after the joint trial memorandum is filed, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

                    THE DEFENDANTS,

                    YALE NEW HAVEN HOSPITAL, LEILA HAGHIGHAT, MD, AND RAQUEL FERRER HARRISON, MD

BY: /s/ Brock T. Dubin
     Brock T. Dubin (#ct18007)
     Colleen Noonan Davis (#ct27773)
     Donahue, Durham & Noonan, P.C.
     741 Boston Post Road
     Guilford, CT 06437
     (203) 458-9168
     bdubin@ddnctlaw.com

**CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                    /s/
                  Brock T. Dubin