UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSHUA FEBRES<br>　*Plaintiff*,<br><br>v.<br><br>YALE NEW HAVEN HOSPITAL, LEILA HAGHIGHAT, RAQUEL FERRER HARRISON, WARE,<br>　*Defendants*. | 19-cv-1195 (KAD)<br><br><br><br><br>October 8, 2019 |

**MEMORANDUM OF DECISION
RE: PLAINTIFF'S MOTION TO REMAND (ECF NO. 10)**

Kari A. Dooley, United States District Judge:

Plaintiff Joshua Febres ("Febres"), proceeding *pro se*, filed this action in Connecticut Superior Court on July 16, 2019 against Yale New Haven Hospital, Leila Haghighat, Raquel Ferrer Harrison, (collectively, the "Yale Defendants") and Correctional Officer Ware (together, with the Yale Defendants, the "Defendants") pursuant to 42 U.S.C. § 1983. (ECF No. 1-2.) The complaint arises out of an incident at the Yale New Haven Hospital emergency room during which Febres was allegedly assaulted and alleges that Defendants violated Febres's civil rights guaranteed by the Connecticut and United States Constitutions. On August 2, 2019, the Yale Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a), citing this Court's original jurisdiction under 28 U.S.C. § 1331. (ECF No. 1.) On August 16, 2019, Febres filed an "objection" to the Notice of Removal (ECF No. 10), to which the Yale Defendants have filed a reply. (ECF No. 11.) In his objection, Febres states that as a *pro se* litigant who is currently incarcerated, he is disadvantaged by removal given his lack of familiarity with the Federal Rules of Civil Procedure. He further asserts that he should be appointed counsel to compensate for this

1

disadvantage in the event the Court retains jurisdiction. The court construes Febres's objection as a Motion to Remand. The motion is DENIED.[1]

The federal removal statute provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Ordinarily, a defendant must effectuate removal of a case within 30 days of its receipt of the initial summons or complaint." *Spencer v. Duncaster, Inc.*, 54 F. Supp. 3d 171, 174 (D. Conn. 2014) (citing 28 U.S.C. § 1446(b)(1)). The original jurisdiction of the United States district courts extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether federal courts have federal question jurisdiction over an action is typically governed by the 'well-pleaded complaint' rule, pursuant to which federal question jurisdiction exists only if 'plaintiff's statement of his own cause of action shows that it is based' on federal law." *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)).

Because the complaint states that the claims therein are brought under 42 U.S.C. § 1983—a federal law—this Court necessarily has original jurisdiction over this action. *See, e.g.*, *Buster v. City of Wallingford*, 490 F. Supp. 2d 293, 295 (D. Conn. 2007). The Notice of Removal was also timely filed, as it complies with the 30-day removal period set forth in 28 U.S.C. § 1446(b)(1). While the Court acknowledges Febres's concerns regarding his ability to litigate effectively his claims in federal court, such concerns do not present a cognizable basis for remand. *See Melillo*

---

[1] The Court does not address Febres's request for appointment of counsel. Febres does not identify any of the relevant factors that would permit the Court to determine whether he is entitled to pro bono counsel as the plaintiff in a civil case. *See, e.g.*, *Lavigne v. Michael's Stores, Inc.*, No. 3:14-cv-01717 (CSH), 2015 WL 1826169, at *7 (D. Conn. Apr. 22, 2015) (discussing the applicable considerations).

2

*v. Brais*, No. 3:17-cv-00520 (VAB), 2017 WL 2462822, at *3 (D. Conn. June 7, 2017) ("Plaintiffs have not identified any case law suggesting that inconvenience or hardship to the parties would warrant a remand to state court where the district court has original jurisdiction under 28 U.S.C. § 1331."). Accordingly, removal was proper and Febres's Motion to Remand is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of October 2019.

>　　　　　　　　　　　　　　　*/s/ Kari A. Dooley*
>　　　　　　　　　　　　　　　KARI A. DOOLEY
>　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE