UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JOSHUA FEBRES,<br>    *Plaintiff*,<br><br>v.<br><br>YALE NEW HAVEN HOSPITAL, LEILA HAGHIGHAT, RAQUEL FERRER HARRISON, WARE,<br>    *Defendants*. | 19-CV-1195 (KAD)<br><br><br><br><br>December 23, 2019 |
|---|---|

**MEMORANDUM OF DECISION RE:**
**DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 14, 21)**

Kari A. Dooley, United States District Judge:

Plaintiff Joshua Febres (the "Plaintiff," or "Febres"), proceeding *pro se*, filed this action in Connecticut Superior Court on July 16, 2019 against Yale New Haven Hospital and Drs. Leila Haghighat and Raquel Ferrer Harrison (collectively, the "Yale Defendants") and Corrections Officer Ware[1] ("Officer Ware," or "Defendant Ware" and, together, with the Yale Defendants, the "Defendants") pursuant to 42 U.S.C. § 1983. The complaint stems from an incident that occurred in the emergency room at Yale New Haven Hospital during which Febres was allegedly sexually assaulted by an unknown woman. Febres alleges that Defendants violated his civil rights guaranteed by the Connecticut and United States Constitutions and other federal and state laws in connection with the assault. He asserts his claims against the Defendants in their individual capacities. On August 2, 2019, the Yale Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a) (ECF No. 1) and on August 16, 2019, Febres filed an objection, which the Court construed as a motion to remand. (ECF No. 10.) On October 8, 2019 the Court denied the

---

[1] The Plaintiff is presently incarcerated at Osborn Correctional Institution in Somers, Connecticut and was at the time of the events giving rise to the complaint as well.

1

motion to remand—holding that because the complaint asserts claims under 42 U.S.C. § 1983, the action necessarily arises under federal law and therefore supports the Court's exercise of subject matter jurisdiction. (ECF No. 17.)

Now before the Court are the Yale Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4) for insufficient process and 12(b)(6) for failure to state a claim (ECF No. 14), as well as Defendant Ware's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (ECF No. 21.) Febres did not respond to either motion and the time within which to do so has passed. For the reasons set forth below, the Yale Defendants' motion to dismiss is GRANTED for failure to state a claim for relief and Defendant Ware's motion to dismiss is GRANTED in part and DENIED in part, as Febres has stated a plausible claim for a violation of his Eighth Amendment rights.

**Allegations**

The following allegations are taken from Febres's complaint (ECF Nos. 1-1, 1-2) and are accepted as true for purposes of the motion to dismiss. *See, e.g.*, *Bagley v. Yale Univ.*, 42 F. Supp. 3d 332, 357 (D. Conn. 2014).

Febres was taken to Yale New Haven Hospital on October 1, 2018 for a plastic surgery consultation. Because the surgeon who was scheduled to meet with Febres was unavailable, Febres was directed to the Emergency Room, where he was eventually assigned a room with a curtain divider. While Febres and Officer Ware were waiting for Febres to see an Emergency Room doctor, a woman approached from the other side of the curtain. She appeared to be highly intoxicated or mentally unwell. She began speaking to Febres and Officer Ware and asked Officer Ware who Febres was. Officer Ware responded "in a joking manner that [Febres] was a rapper." The woman proceeded to touch Febres inappropriately before being escorted out of the room. She

soon returned and sexually assaulted Febres—again touching him inappropriately—before she was escorted from the room a second time.[2] After the incident, the Emergency Room doctors apologized to Febres but he was not permitted to file a complaint. According to Febres, the hospital staff "turn[ed] this assault into a joke because I['m] a prisoner" and he "never felt this disrespect[ed] and discriminated in my life."

Febres alleges that Defendants discriminated against him and acted under color of law and that they acted knowingly and purposefully to deprive Febres of his constitutional rights. He alleges that he has "exhausted his administrative remedies to no avail."

**Standard of Review**

As indicated, on a motion to dismiss under Rule 12(b)(6), the Court must accept the complaint's factual allegations as true and must draw all inferences in the plaintiff's favor. *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). The complaint, however, "must 'state a claim to relief that is plausible on its face,'" setting forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Accordingly, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Although a *pro se* complaint must be liberally construed "to raise the strongest arguments it suggests," *pro se* litigants are nonetheless required to "state a plausible claim for relief." *Walker v. Shult*, 717 F.3d 119, 124 (2d Cir. 2013) (brackets and internal quotation marks and citations omitted).

---

[2] The complaint does not identify who was responsible for removing the woman from Febres's room.

**Discussion**

   **Yale Defendants' Motion to Dismiss**

"To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (quotation marks and citations omitted). The Yale Defendants have moved to dismiss for failure to allege the second element—*i.e.*, conduct under color of state law.

"As a general rule, private hospitals do not act under color of state law for § 1983 purposes." *Thomas v. Beth Israel Hosp. Inc.*, 710 F. Supp. 935, 940 (S.D.N.Y. 1989); *see also White v. St. Joseph's Hosp.*, 369 Fed. App'x 225, 226 (2d Cir. 2010) (summary order) ("[P]rivate actors and institutions, such as the hospitals . . . named as defendants in [the plaintiff's] original complaint, are generally not proper § 1983 defendants because they do not act under color of state law."). Similarly, "[p]rivate physicians are generally not state actors, especially where the physician is 'not performing a function traditionally reserved for the State and where [the physician] was not under contract with the State to provide medical services.'" *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 320 (S.D.N.Y. 2008) (quoting *Vazquez v. Marciano*, 169 F. Supp. 2d 248, 253–54 (S.D.N.Y. 2001)); *see also Chance v. Machado*, No. 08-CV-774 (CSH), 2009 WL 3416422, at *2 (D. Conn. Oct. 22, 2009) (dismissing Section 1983 claims against doctors employed by Bridgeport Hospital, which is privately owned, for failure to allege state action).

Here, while "it is conceivable that Yale New Haven Hospital receives some public funding, and is accordingly tied to the State in some way . . . such a general tie to the State is insufficient to support" a Section 1983 claim. *Davis v. Yale New Haven Hosp.*, No. 3:16-CV-01578 (VLB), 2017 WL 6459499, at *5 (D. Conn. Dec. 11, 2017); *accord White*, 369 Fed. App'x at 226 ("[T]he

presence of state funding or regulation, in the absence of some concerted action with state officials, does not transform a private party's actions into state action"). Moreover, the mere fact that the Plaintiff was in state custody when he was treated by the Yale Defendants does not transform the physicians' conduct into state action. *See Brown v. Pangia*, No. 11-CV-6048 (AT), 2014 WL 2211849, at *3 (S.D.N.Y. May 27, 2014). Rather, "[i]n cases where a private physician was found to have acted under color of state law, the physician either had a contract with the state or otherwise willfully agreed to treat incarcerated patients." *Id.*

The complaint does not include any allegations which would transform Yale New Haven Hospital, a private entity, into a "state actor" within these parameters. Nor are there allegations demonstrating that the conduct of the hospital was otherwise "fairly attributable to the state." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (quotation marks and citations omitted). The complaint therefore fails to state a plausible Section 1983 claim against the hospital. The same conclusion holds for Drs. Haghighat and Harrison, who are both alleged to be employees of the hospital and are, accordingly, private actors not subject to Section 1983 liability. *Chance*, 2009 WL 3416422, at *2, *Koulkina*, 559 F. Supp. 2d at 320.

In sum, because Febres fails to allege state action on the part of the Yale Defendants, the Yale Defendants' motion to dismiss is GRANTED pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, the Court need not reach the alternative basis put forth for dismissal.[3]

**Corrections Officer Ware's Motion to Dismiss**

Defendant Ware argues that Febres has failed to plead any cognizable violation of his constitutional rights, that any claim for monetary damages based upon Febres's alleged emotional

---

[3] The Yale Defendants also assert, *inter alia,* that Febres served them with an unsigned summons in violation of the requirements for commencing an action in Connecticut Superior Court. They argue that the action must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) for insufficient process.

5

distress is barred by the Prison Litigation Reform Act ("PLRA") under the circumstances present here, and that Officer Ware is otherwise immune from suit under the doctrines of qualified immunity or statutory immunity.

*Febres's Constitutional Claims*

Febres summarily asserts that he was deprived of: (1) due process of the law; (2) equal protection of the law; (3) freedom from racial discrimination; (4) freedom of association; and (5) "deprivation of liberty: cruel and unusual punishment." The mere allegation that such violations occurred is wholly conclusory and therefore insufficient to plausibly allege such constitutional violations. And an examination of the complaint reveals that only one is supported by the facts alleged—the Eighth Amendment prohibition against cruel and unusual punishment.[4]

Specifically, an examination of the allegations reveals a plausibly alleged deliberate indifference to safety claim. "The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of the inmates in their custody." *Barreto v. Cty. of Suffolk*, 762 F. Supp. 2d 482, 488 (E.D.N.Y. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "Moreover, under 42 U.S.C. § 1983, prison officials are liable for harm incurred by an inmate if the officials acted with 'deliberate indifference' to the safety of the inmate." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996). To hold a prison official liable under Section

---

[4] First, the alleged assault does not suggest the denial of a protected liberty or property interest which would implicate procedural due process. *See, e.g.*, *Zigmund v. Foster*, 106 F. Supp. 2d 352, 360 (D. Conn. 2000) (identifying the elements of a constitutional due process claim). Nor do the allegations support a claim that Febres was subjected to any discriminatory law or policy or that he "was intentionally treated differently from others similarly situated," *Ali v. Connick*, 136 F. Supp. 3d 270, 275 (E.D.N.Y. 2015) (quotation marks and citation omitted), so as to state a claim for equal protection based upon racial discrimination under the Fourteenth Amendment. As to the freedom of association claim, the Court cannot glean any theory under which Febres's allegations of an isolated assault in the emergency department might implicate his "right to maintain certain familial relationships" or any other right guaranteed under the First Amendment freedom of association doctrine. *See Miller v. Annucci*, No. 17-CV-4698 (KMK), 2019 WL 4688539, at *13 (S.D.N.Y. Sept. 26, 2019) (discussing the parameters of freedom of association claims in the prison context) (quoting *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003)). Given the glaring deficiency of the complaint with respect to these alleged constitutional violations, and in view of Febres's failure to respond to the motions to dismiss, the Court does not further discuss these claims.

1983 the plaintiff must show first "that he is incarcerated under conditions posing a substantial risk of serious harm," and second, "that the defendant prison officials possessed sufficient culpable intent." *Id.* "Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Id.* "Claims based on failure to prevent sexual abuse of inmates are governed by this deliberate indifference standard." *Varon v. Sawyer*, No. 04-CV-2049 (RNC), 2006 WL 798880, at *2 (D. Conn. Mar. 25, 2006).

As to the first prong of a deliberate indifference claim, "[t]here is no static test to determine whether a deprivation is sufficiently serious; the conditions themselves must be evaluated in light of contemporary standards of decency." *Walker*, 717 F.3d at 125 (quotation marks and citation omitted). Here, Febres alleges that on two separate occasions, while in the presence of Officer Ware, an intoxicated or deranged unidentified woman entered his hospital "room" and sexually assaulted him. Under modern standards of decency, the circumstance of being sexually assaulted is sufficiently serious so as to implicate the Eighth Amendment. *Cf. Crawford v. Cuomo*, 796 F.3d 252, 259–60 (2d Cir. 2015) (describing the historical evolution of "standards of decency with regard to sexual abuse in prisons," which reveals "that the sexual abuse of prisoners, once overlooked as a distasteful blight on the prison system, offends our most basic principles of just punishment.").[5]

Febres must also allege that Officer Ware was subjectively "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and that he in fact drew that inference. *See Figueroa v. Semple*, No. 12-CV-00982 (VAB), 2015 WL 3444319, at *4 (D.

---

[5] While Officer Ware argues that Febres's allegations of inappropriate "touching" do not implicate an injury of constitutional dimensions, the Court finds that the question of the seriousness of the alleged assault is improper for resolution at this stage, particularly in light of Febres's status as a *pro se* litigant.

Conn. May 28, 2015). The allegations that Officer Ware observed both but did not intervene in either sexual assault are sufficient, at this stage of the proceedings, to satisfy the *mens rea* prong of the deliberate indifference claim.

### *Qualified Immunity*

Officer Ware asserts next that even if Febres has pleaded a claim for a violation of his constitutional rights, he is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from suit if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The shield of qualified immunity therefore applies unless the plaintiff demonstrates "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ganek v. Leibowitz*, 874 F.3d 73, 80 (2d Cir. 2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Walker*, 717 F.3d at 125 (quotation marks and citation omitted).

Officer Ware argues that "there are no allegations indicating a clearly identified right for which a reasonable official would understand they were violating by their actions or in this case inaction." (Def. Ware's Br. at 6.) The Court recognizes that the claims asserted in the complaint are not artfully pled, but insofar as the Court has construed those claims to include a deliberate indifference to safety claim under the Eighth Amendment, the qualified immunity analysis must be undertaken with this construction in mind. And "[i]n 1994 the Supreme Court found that 'a

deliberately indifferent failure to protect [an inmate's] safety' constituted 'a violation of [the inmate's] Eighth Amendment rights." *Gibson v. Brooks*, 335 F. Supp. 2d 325, 335 (D. Conn. 2004) (quoting *Farmer*, 511 U.S. at 831). Accordingly, the court cannot, at this stage, determine that Officer Ware is entitled to qualified immunity. *See Walker*, 717 F.3d at 130 ("[Q]ualified immunity is often best decided on a motion for summary judgment when the details of the alleged deprivations are more fully developed").[6]

### *The PLRA Bars the Plaintiff's Recovery for Emotional or Mental Injury*

Notwithstanding the findings above, the PLRA precludes prisoners from bringing any "[f]ederal civil action . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18.)" 42 U.S.C. § 1997e(e). "While 'there is no statutory definition of 'physical injury' as used in section 1997e(e),' the Second Circuit has held that a plaintiff's physical injury must be 'more than *de minimis*.'" *Abreu v. Nicholls*, No. 04-CV-7778 (DAB) (GWG), 2011 WL 1044373, at *3 (S.D.N.Y. Mar. 22, 2011), *report and recommendation adopted*, 2012 WL 1079985 (S.D.N.Y. Mar. 30, 2012) (quoting *Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999)).

Febres alleges that he felt disrespected and discriminated against as a result of the assaults, but he does not allege a physical injury and accordingly cannot recover damages for his emotional distress. *See, e.g.*, *Yeldon v. Ekpe*, 159 Fed. App'x 314, 316 (2d Cir. 2005) (summary order); *Jessamy v. Ehren*, 153 F. Supp. 2d 398, 403 (S.D.N.Y. 2001). Nor does the inappropriate or unwanted touching that he allegedly experienced in Officer Ware's presence constitute a "sexual act" within one of the four enumerated categories set forth in 18 U.S.C. § 2246(2). *See, e.g.*, *Allen*

---

[6] Officer Ware also asserts that he is entitled to statutory immunity. However "[s]tate statutory immunity in general, and section 4–165 [of Connecticut General Statutes] in particular, do not apply to claims for violation of federal law." *Stanley v. Muzio*, 578 F. Supp. 2d 443, 446 (D. Conn. 2008). Because Febres does not plead any specific violations of state law, the Court does not address statutory immunity.

*v. Keanen*, No. 13-CV-718, 2019 WL 1486679, at *4 (W.D.N.Y. Apr. 4, 2019) (holding that because plaintiff's "claims involve sexual contact, but not a sexual act as defined in § 2246," he was barred from seeking compensatory damages under the PLRA). Therefore, the claim for compensatory damages for emotional distress is dismissed.

### *Request for Declaratory and Injunctive Relief*

Finally, Officer Ware argues that Febres's request for declaratory relief is inappropriate and that injunctive relief is unavailable against Officer Ware in his individual capacity. As to the former issue, declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." *Colabella v. American Inst. of Certified Pub. Accountants*, 10-CV-2291 (KAM) (ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sep. 28, 2011) (citations omitted). As such, "[d]eclaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages." *Orr v. Waterbury Police Dep't*, No. 3:17-CV-788 (VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018). In *Orr*, the court dismissed the request for declaratory judgment that the defendants had violated the plaintiff's Fourth Amendment rights during his arrest because the request "concern[ed] only past actions." *Id.* Here, Febres seeks a similar declaration— that Officer Ware's past conduct was unconstitutional. In addition, "dismissal of a declaratory judgment action is warranted where the declaratory relief plaintiff seeks is duplicative of his other causes of action." *Kuhns v. Ledger*, 202 F. Supp. 3d 433, 443 (S.D.N.Y. 2016) (citation, alterations, and ellipsis omitted). If Febres prevails on his Eight Amendment claim, a judgment in his favor would serve the same purpose as a declaration that Defendant Ware violated his constitutional rights. Thus, his request for declaratory relief is not distinct from the relief sought in his Eighth Amendment claim. *See, e.g.*, *United States v. $2,350,000.00 in Lieu of One Parcel*

*of Property Located at 895 Lake Avenue, Greenwich, Connecticut*, 718 F. Supp. 2d 215, 229 n.7 (D. Conn. 2010) (noting that if property is not forfeited, receiver-claimants would have been shown to be prevailing innocent owners and declaration to that effect would be redundant). The request for declaratory relief is therefore dismissed.

As to the request for injunctive relief, Defendant Ware is correct. "'[I]njunctive relief against a state official may be recovered only in an official capacity suit,' because '[a] victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him.'" *Marsh v. Kirschner*, 31 F. Supp. 2d 79, 80 (D. Conn. 1998) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167–68 (1985)) (internal citation omitted). Thus, a plaintiff may only seek injunctive relief under Section 1983 against a corrections officer sued in his official capacity. *See Altayeb v. Chapdelaine*, No. 3:16-CV-00067 (CSH), 2016 WL 7331551, at *3 (D. Conn. Dec. 16, 2016). Here, Febres has specifically and unequivocally stated that his claims are brought against all defendants in their "individual capacity." (ECF No. 1-1, 1-2.) The request for injunctive relief is dismissed.

**Conclusion**

For the foregoing reasons, the Yale Defendants' motion to dismiss is GRANTED and Defendant Ware's motion to dismiss is GRANTED in part and DENIED in part. The Eighth Amendment claim for damages, not to include compensatory damages for emotional distress, against Defendant Ware in his individual capacity remains.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of December 2019.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE