UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSHUA FEBRES,<br>    *Plaintiff*, | No. 3:19-cv-01195 (KAD) |
| v. | |
| YALE NEW HAVEN HOSPITAL, LEILA HAGHIGHAT, RAQUEL FERRER HARRISON, WARE,<br>    *Defendants*. | May 13, 2020 |

**ORDER ON DEFENDANT'S MOTION TO DISMISS (ECF NO. 27)**

Kari A. Dooley, United States District Judge:

Corrections Officer Ware ("Officer Ware," or the "Defendant") moves to dismiss this action brought by Plaintiff Joshua Febres (the "Plaintiff," or "Febres") pursuant to Fed. R. Civ. P. 41(b) based upon the Plaintiff's failure to prosecute with diligence. For the reasons that follow, the Defendant's motion is GRANTED.

**Procedural History**

Febres, proceeding *pro se*, filed this action in the Connecticut Superior Court on July 16, 2019 against Officer Ware as well as Yale New Haven Hospital and Drs. Leila Haghighat and Raquel Ferrer Harrison (the "Yale Defendants") pursuant to 42 U.S.C. § 1983. Febres alleges that his civil rights were violated in connection with an alleged sexual assault that took place in the emergency room of Yale New Haven Hospital. On August 2, 2019, the Yale Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441(a) and on October 8, 2019 the Court denied Febres's objection to the removal, which it construed as a motion to remand. (*See* ECF No. 17.) On December 23, 2019, the Court granted the Yale Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because Febres failed to allege that the Yale Defendants acted under color of

state law so as to plead a cognizable Section 1983 claim.  (*See* ECF No 22.)    The Court simultaneously granted in part Officer Ware's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) but denied the motion to the extent that Febres alleged a violation of his Eighth Amendment right to be free from cruel and unusual punishment, finding that Febres had plausibly alleged a deliberate indifference to safety claim.  (*Id*.)  Febres did not file an objection to either the Yale Defendants' or Officer Ware's motion to dismiss, though Officer Ware represents that sometime around mid-November 2019, Febres "faxed a proposed Motion to Strike Defendant's Motion to Dismiss" (Def.'s Mem at 2, ECF No. 27-1), which counsel for Officer Ware later informed Febres he would need to file if he sought to present his objection to the Court.  (Def.'s Ex. A, ECF No. 27-2.)  Indeed, Febres has not filed anything with the Court since August 2019 when he objected to the removal of this matter from the Superior Court.

At the time he filed the Complaint, the Plaintiff was incarcerated at Osborn Correctional Institution.  However, he failed to notify the Court of his change of address when he was released to the Bishop House in Waterbury, CT sometime in November 2019.  The Court was able to ascertain the Plaintiff's change of address by searching the Department of Correction database after a copy of the Court's decision on the motions to dismiss, which was mailed to the Plaintiff at Osborn Correctional Institution, was returned to the Court as undeliverable.  On March 16, 2020, the Court ordered the parties to appear for a Telephonic Status Conference on April 2, 2020 (ECF No. 24) and notice was sent to Febres at both Osborn Correctional Institution and Bishop House.  Febres failed to appear at the April 2, 2020 Telephonic Status Conference.  This motion followed.

**Discussion**

Officer Ware seeks dismissal pursuant to Fed. R. Civ. P. 41(b), which contemplates a dismissal that "operates as an adjudication on the merits" "[i]f the plaintiff fails to prosecute or to

comply with these rules or a court order." The Second Circuit has identified five factors to guide the Court's exercise of discretion under Rule 41(b), which ask whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). Under this analysis, "no one factor is dispositive" and the Court must instead "review the dismissal in light of the record as a whole." *Id.* (quotation marks, brackets, and citation omitted).

The Court concludes that these considerations in light of the entire record warrant dismissal of this action. First, the Plaintiff's failure to prosecute has indeed caused significant delay, as the parties have been unable to establish a case management plan and the Court has been unable to communicate with the Plaintiff in connection with the issuance of a scheduling order since rendering its ruling on the motions to dismiss in late December 2019.[1] *See Suleski v. USI Consulting Grp., Inc.*, No. 3:17-CV-1503 (JBA), 2019 WL 1173016, at *2 (D. Conn. Mar. 13, 2019) ("an action lying dormant with no significant activity . . . may warrant dismissal after merely a matter of months" (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)). Second, the instant motion to dismiss has itself apprised the Plaintiff that further delay will result in dismissal. *See Stoenescu v. Jablonsky*, 162 F.R.D. 268, 271 (S.D.N.Y. 1995). Officer Ware, through counsel, also notified Febres in December 2019 that he would need to provide the

---

[1] Although Local Rule 16(b) and Fed. R. Civ. P. 26(a)(1)(B) exempt litigation filed by self-represented prisoners from the obligations imposed by Fed. R. Civ. P. 16(b) and 26(f), the Yale Defendants filed a Rule 26(f) Report on October 7, 2019, in which they represented that they attempted to confer with Febres by mailing him a copy of their proposed report and that he never responded. (ECF No. 16.)

Court with his updated address (*see* Def.'s Ex. A), which Febres has failed to do.[2]  Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Rodriguez v. Clark*, No. 3:16-CV-390 (CSH), 2017 WL 2369367, at *4 (D. Conn. May 31, 2017) (quoting *Lyell Theatre Corp.*, 682 F.2d at 43).  Given that Febres has not filed anything in this matter since August 16, 2019, the Court concludes that the delay is unreasonable.  Fourth, Febres has not demonstrated a willingness to prosecute this action so as to overcome the need to alleviate the congestion of the Court's docket.  *See Samman v. Conyers*, 231 F.R.D. 163, 166 (S.D.N.Y. 2005).  According to Officer Ware, Febres has not served any discovery or otherwise communicated with the Defendant since he was released to the Bishop House.  (Def.'s Mem. at 2.)  Nor has Febres complied with this Court's order to appear at the Telephonic Status Conference on April 2, 2020.  *See Samman*, 231 F.R.D. at 166 ("While leniency is generally accorded to pro se litigants, all litigants, including pro ses, have an obligation to comply with court orders").  Finally, the Court concludes that no sanction short of dismissal will suffice, given that all available evidence points to the Plaintiff's lack of intention to further pursue or prosecute this matter.

**Conclusion**

For the foregoing reasons, the Defendant's motion to dismiss is GRANTED and the Clerk of Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of May 2020.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[2] At the Telephonic Status Conference held on April 2, 2020, the Court suggested that Febres was also on notice of the need to update the Court with any change of address by virtue of this District's Standing Orders, which would have issued automatically due to Febres's status as an incarcerated *pro se* plaintiff. However, because this action was filed initially in the Superior Court and removed to this Court by the Yale Defendants, the Court later realized that Febres likely did not receive the Standing Orders that are otherwise applicable to *pro se* prisoner litigation. Nonetheless, between Officer Ware's effort to apprise Febres of the need to update his address and the measures undertaken by the Clerk of Court to send copies of Court filings to Febres at Bishop House despite his failure to notify the Court of his new address, the Court concludes that Febres was afforded adequate notice in the circumstances.